

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| RUTH A. GESINGER, | \* | CIV 13-1004 |
| Plaintiff, | \* | |
| | \* | OPINION AND ORDER ON |
| -vs- | \* | DEFENDANTS' MOTION TO |
| | \* | DISMISS AND PLAINTIFF'S |
| HONORABLE KATHLEEN SEBELIUS, | \* | MOTION TO AMEND |
| Secretary of Department of Health and | \* | |
| Human Services, in her official capacity, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## BACKGROUND

Plaintiff was employed as a nurse at Indian Health Services in Eagle Butte, South Dakota. She was fired on April 1, 2011. She filed a complaint with the Equal Employment Opportunity Commission ("EEOC") claiming she was disabled as a result of bi-polar disorder, anxiety, and depression and was fired as a result of her disability. On September 21, 2012, an administrative law judge for the EEOC determined that plaintiff had established disability discrimination in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* The EEOC ordered the agency to, within 30 days, offer to reinstate plaintiff to her former position, amend her employment record, pay, within 60 days of the EEOC decision becoming final, back pay with interest, and pay $10,000 in non-pecuniary damages for her significant mental distress. On October 31, 2012, the defendant agency notified plaintiff that it would fully comply with the order of the ALJ. Plaintiff filed the complaint herein on January 29, 2013, alleging that defendant discriminated against her in violation of the Americans with Disabilities Act ("ADA") when she was terminated and when defendant failed to comply with the order of the ALJ.

Defendant moved to dismiss on the basis that there is no cause of action against a federal employer under the ADA. In response, plaintiff, through new counsel, filed a motion to amend the complaint to assert claims under the Rehabilitation Act of 1973. Plaintiff claims the defendant discriminated against her because of her disability, failed to fully comply with the

order of the EEOC, failed to accommodate her disability upon reinstatement, and constructively discharged her by its continued discriminatory conduct. Defendant resists the motion to amend on the basis that plaintiff has failed to exhaust administrative remedies under the Rehabilitation Act and failed to comply with D.S.D. LR 15.1. Plaintiff subsequently complied with the Local Rule requiring a highlighted amended complaint.

## DECISION

### I. Subject Matter Jurisdiction.

"Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and statutes enacted by Congress pursuant thereto." Marine Equipment Management Co. v. U.S., 4 F.3d 643, 646 (8th Cir. 1993), *citing* Bender v. Williams-Port Area School Dist., 475 U.S. 534, 541, *reh'g denied* 476 U.S. 1132 (1986), *citing in turn* Marbury v. Madison, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803). "The threshold inquiry in every federal case is whether the court has jurisdiction" and the Eighth Circuit has "admonished district judges to be attentive to a satisfaction of jurisdictional requirements in all cases." Rock Island Millwork Co. v. Hedges-Gough Lumber Co., 337 F.2d 24, 26-27 (8th Cir. 1964), and Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987).

"The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction." Arkansas Blue Cross and Blue Shield v. Little Rock Cardiology Clinic, P.A., 551 F.3d 812, 816 (8th Cir. 2009). In this case, the plaintiff has the burden of establishing that jurisdiction exists. It is not the responsibility of defendant to prove otherwise. Titus v. Sullivan, 4 F.3d 590, 593 n.1. (8th Cir. 1993).

Defendant moved to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Where, as here, the defendant moved for dismissal under Rule 12(b)(1), as well as on other grounds, "the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." 5 C. Wright and A. Miller, Federal Practice and Procedure, § 1350, p. 548 (1969). *cf.* Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946) (motion to dismiss for failure to state a claim may be decided only after finding subject matter jurisdiction).

Plaintiff's original complaint avers that jurisdiction is proper under the ADA, 42 U.S.C. § 2000e-5(f)(3). She claims defendant discriminated against her because of her disability by its actions up to and including her termination on April 1, 2011, and by failing to timely follow the order of the ALJ for reinstatement and amendment of her employment record. She sought compensatory damages, punitive damages, attorney fees and costs, and both pre- and post-judgment interest.

"Sovereign immunity is jurisdictional in nature." F.D.I.C. v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 1000, 127 L.Wd.2d 308 (1994). To sue the United States or an agency of the United States, plaintiff must "show both waiver of sovereign immunity and a grant of subject matter jurisdiction." V S Ltd. Partnership v. Department of Housing and Urban Development, 235 F.3d 1109, 1112 (8th Cir. 2000). The ADA makes it unlawful for a covered employer to discriminate against any "qualified individual on the basis of disability." 42 U.S.C. § 12112(a). The United States is not a covered employer under the ADA. 42 U.S.C. § 12111(5)(B)(I) ("the term 'employer' does not include the United States [or] a corporation wholly owned by the government of the United States . . ."). The United States has not waived its sovereign immunity under the ADA. This Court lacks subject matter jurisdiction over the original complaint.

Plaintiff contends that, despite her complaint's jurisdictional statement citation to the ADA, she attached the ALJ opinion wherein the ALJ specifically stated her claims were proper under the Rehabilitation Act. She asserts this attachment cures any jurisdictional defect. However, plaintiff's attachment of the ALJ's decision with its reference to the Rehabilitation Act clearly shows that proceeding under the ADA was not inadvertent.

The ADA and the Rehabilitation Act both prohibit discrimination against the disabled. See 42 U.S.C. § 12112(a) and 29 U.S.C. § 794(a). Both Acts are enforceable through private causes of action. Barnes v. Gorman, 536 U.S. 181, 184-85, 122 S.Ct. 2097, 2100 (2002).

> For a prima facie § 504 violation, a qualified individual with a disability must be denied, on the basis of the individual's disability, the benefits of a program or activity of a public entity receiving federal funds. *M.P. ex rel. K. & D.P. v. Indep. Sch. Dist. No. 721*, 326 F.3d 975, 981–82 (8th Cir. 2003). For a prima facie Title II ADA violation, a qualified individual with a disability must be excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or be otherwise discriminated against by the entity, by reason of the individual's disability. *Layton v. Elder*, 143 F.3d 469, 472 (8th Cir. 1998). "The

> ADA and § 504 of the Rehabilitation Act are 'similar in substance' and, with the exception of the Rehabilitation Act's federal funding requirement, 'cases interpreting either are applicable and interchangeable' for analytical purposes." *Bahl v. County of Ramsey*, 695 F.3d 778, 783 (8th Cir.2012), quoting *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir.1999).

Folkerts v. City of Waverly, Iowa, 707 F.3d 975, 983 (8th Cir. 2013).

Fed. R. Civ. P. 8(a)(1) requires the complaint to state the grounds for the court's jurisdiction. Although the ADA and Rehabilitation Act claims are similar and are analyzed under the same standards, this Court cannot infer that plaintiff meant to proceed under the Rehabilitation Act when she specifically pleaded claims under the ADA. This is not a case where a plaintiff failed to specify any basis of subject matter jurisdiction and we apply the well-pleaded-complaint rule to save subject matter jurisdiction. This is a case where the defendant is entitled to sovereign immunity from the claim specifically pleaded in the complaint.

The motion to dismiss pursuant to Fed. R. Civ. P. 12 (b)(1) for lack of subject matter jurisdiction should be granted.

## II. Amendment.

Plaintiff filed a motion to amend her complaint to allege that her discharge and the defendant's alleged subsequent failure to comply with the EEOC order instead violated the Rehabilitation Act, 29 U.S.C. § 701 *et seq*. Her amended complaint also adds a claim that, after the defendant complied with reinstatement, she was constructively discharged and suffered retaliation in violation of the Rehabilitation Act.

The defendant contends that plaintiff has failed to exhaust her administrative remedies as to defendant's alleged conduct after reinstatement. Plaintiff contends she is not required to do so. Plaintiff misstates the law.

Section 504 of the Rehabilitation Act forbids discrimination against an "otherwise qualified individual with a disability . . . solely by reason of her or his disability." 29 U.S.C. § 794. "In 1978, the Rehabilitation Act was amended to provide private causes of action to persons subjected to handicap discrimination by the federal government and its agencies." Gardner v. Morris, 752 F.2d 1271, 1277 (8th Cir. 1985). "Administrative remedies must be exhausted before a federal employee may bring an employment discrimination claim against a federal employer." McAlister v. Secretary of Dept. of Health and Human Services, 900 F.2d 157, 158 (8th Cir. 1990) (*citing* Morgan v. United States Postal Service, 798 F.2d 1162 (8th

4

Cir.1986)). "Failure to exhaust such remedies is fatal where, as here, the claim against an agency is asserted under 29 U.S.C. § 794 ("§ 504")." McAlister, 900 F.3d at 158.

> "[A]pplication of the exhaustion doctrine is 'intensely practical.'" *Bowen v. City of New York*, 476 U.S. 467, 484, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986) (*quoting Mathews v. Eldridge*, 424 U.S. 319, 331 n. 11, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). A court deciding whether to waive exhaustion should be "guided by the policies underlying the exhaustion requirement." *Id.* Regarding those policies, the Supreme Court explained:
>
>> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.
>
> *Id.* (*quoting Weinberger v. Salfi*, 422 U.S. 749, 765, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)).

J.B. ex rel. Bailey v. Avilla R-XIII School Dist., 721 F.3d 588, 594 (8th Cir. 2013).

Because administrative exhaustion "is a condition to the waiver of sovereign immunity," it "must be strictly construed." Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 94, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Plaintiff's motion to amend her complaint to state a claim for discrimination under the Rehabilitation Act should be denied because she has failed to exhaust her administrative remedies.

## ORDER

Now, therefore,

IT IS ORDERED:

1. Defendant's motion, Doc. 7, to dismiss is granted.

2. Plaintiff's motion, Doc. 10, to amend her complaint is denied.

Dated this 25th day of February, 2014.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Barbara J. Gaepde*
DEPUTY
(SEAL)

5